**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
jwilner@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BRITTANY MORRISON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

YIPPEE ENTERTAINMENT, INC.,

Defendant.

Case No. 3:24-cv-00797-JO-KSC

**PLAINTIFF'S SUPPLEMENTAL BRIEFING RELATED TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Date: October 30, 2025
Time: 9:30 a.m.
Courtroom: 4C
Judge: Hon. Jinsook Ohta

While Defendant has shown that Plaintiff was constructive notice of the hyperlink to Vimeo's terms and conditions, Defendant still has many more hurdles to cross before prevailing on its motion. The next hurdle, and one Defendant cannot overcome under recent Ninth Circuit precedent, is unambiguous manifestation of assent. Accordingly, Defendant's motion to compel arbitration must be denied.

## I. UNDER *CHABOLLA* AND *GODUN*, DEFENDANT CANNOT SHOW THAT PLAINTIFF UNAMBIGUOUSLY ASSENTED TO THE VIMEO TERMS

As the Ninth Circuit has held, "[a] user's click of a button can be construed as an unambiguous manifestation of assent *only if the user is explicitly advised* that the act of clicking will constitute assent to the terms and conditions of an agreement." *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849, 857 (9th Cir. 2022) (emphasis added). Two recent Ninth Circuit decisions have clarified that requirement.

*First*, in *Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1158 (9th Cir. 2025), "Screen 2 explains that 'by signing up you agree to our Terms of Use and Privacy Policy.' There is no 'sign up' button, and the only button on screen 2 reads 'Continue'":



*Id*. The Ninth Circuit found this mismatch too ambiguous "to find that a user binds herself to the Terms of Use by continuing past it" because "[i]t is up to the user to assume that entering a first and last name and clicking the 'Continue' button amounts to 'signing up.'" *Id*.

*Second*, in *Godun v. JustAnswer LLC*, 135 F.4th 699, 711 (9th Cir. 2025), the Ninth Circuit reaffirmed that "[e]ven strongly implicit advisement isn't enough—a webpage must *explain* that certain actions will be understood by the offeror to signal assent to contractual terms. And it must identify what, exactly, those actions are." (Emphasis in original; internal citations omitted). With this standard in mind, the Ninth Circuit found the following advisal "failed to explicitly advise users of what action would constitute assent" under California law:




*Id.* at 706, 712. Thus, as emphasized by *Chabolla* and *Godun*, California law is clear: the advisal must *explicitly advise* users what action they must take to be bound to any

terms, and must match the button text *exactly*. "Even strongly implicit advisement isn't enough." *Godun*, 135 F.4th at 711. Meeting this requirement is "relatively straightforward." *Oberstein v. Live Nation Entertainment, Inc.*, 60 F.4th 505, 515 (9th Cir. 2024).

Here, the advisal on Defendant's page states that "*[b]y clicking below*, you agree to our Terms of Service [*i.e.*, Vimeo's terms of service]," but the button states "Start subscription":




ECF No. 13-2 at Ex. B (emphasis added). Under *Chabolla* and *Godun*, this is not sufficient to "explicitly advis[e]" users what action they must take to bind themselves to the Vimeo terms and conditions. *See Berman*, 30 F.4th at 857. There are multiple things that a user can click on "below" the advisal in addition to the button, including the hyperlinks to the Google Terms of Service and Privacy Policy. ECF No. 13-2 at Ex. B. In fact, clicking anywhere on the page "below" the advisal—such as on any portion of the text or even just a blank space on the page—is technically "clicking below" the advisal. Instead, "[i]t is up to the user to assume that" clicking "Start subscription" means assenting to the Vimeo terms of service." *Chabolla*, 129 F.4th at 1158. Even strongly implicit advisement isn't enough." *Godun*, 135 F.4th at 711.

To be clear, Defendant could have easily fixed this issue by stating, "By clicking 'Start subscription,' you agree to our Terms of Service." In fact, that is what

Defendant currently does on its website.[1] But because Defendant failed to take this step, under *Chabolla* and *Godun*, Defendant cannot show that Plaintiff unambiguously manifested assent to the Vimeo terms of service. *See Lee v. Plex, Inc.*, 773 F. Supp. 3d 755, 767 (N.D. Cal. 2025) (finding no assent under *Chabolla* where the advisal stated, "By creating an account or continuing to use a Plex application … you acknowledge and agree that you have accepted the Terms of Service," but the button stated "Continue with Facebook").

## II. PLAINTIFF SUBMITS A NOTICE OF SUPPLEMENTAL AUTHORITY

On July 3, 2025, the California Supreme Court issued a decision in *In re Ford Motor Warranty* Cases, 17 Cal. 5th 1122 (2025). The decision is relevant to the Parties' respective arguments regarding equitable estoppel. Plaintiff has not asked for further briefing on this topic. However, as Plaintiff submitted this decision before the Ninth Circuit pursuant to Fed. R. App. P. 28(j), Plaintiff submits the decision again here as supplemental authority without argument.

Dated: October 10, 2025

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: *<u>/s/ L. Timothy Fisher</u>*
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
jwilner@bursor.com

*Attorneys for Plaintiff*

[1] https://watch.yippee.tv/checkout/subscribe/purchase?hsCtaTracking=2cf89ab8-8488-44c8-8b15-ed283bd73143%7Ccf8b797f-0949-4787-be51-80d490cf4c8d.