JOHN J. ATALLAH, CA Bar No. 294116
jatallah@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

RAJIV DHARNIDHARKA, CA Bar No. 234756
rajiv.dharnidharka@foley.com
JEANETTE BARZELAY, CA Bar No. 261780
jeanette.barzelay@foley.com
**FOLEY & LARDNER LLP**
ONE MARKET PLAZA
55 SPEAR STREET, SUITE 1900
SAN FRANCISCO, CA 94105
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507

Attorneys for Defendant YIPPEE ENTERTAINMENT, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BRITTANY MORRISON, *individually and on behalf of all others similarly situated*,

Plaintiff,

vs.

YIPPEE ENTERTAINMENT, INC.,

Defendants.

Case No. 3:24-cv-0797-JO-KSC

**DEFENDANT YIPPEE ENTERTAINMENT, INC.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEFING ON DEFENDANT'S MOTION TO COMPEL ARBITRATION**

# I. INTRODUCTION

Yippee moved to compel arbitration of Plaintiff's claim for violation of the Video Privacy and Protection Act ("VPPA") pursuant to the arbitration agreement in the terms and conditions ("Terms") Plaintiff agreed to when she purchased her Yippee subscription. Plaintiff primarily hitched her Opposition on the argument that the design of Yippee's subscription sign-up page failed to provide reasonably conspicuous notice of the Terms containing the arbitration agreement, thus failing the Ninth Circuit's two-prong test for constructive notice. This Court, under Judge Anello, ruled in Plaintiff's favor and denied Yippee's motion. In its August 18, 2025 Memorandum Order ("Memorandum"), the Ninth Circuit reversed, finding that Yippee's webpage notice was reasonably conspicuous under the totality of the circumstances, and remanding to this Court for further proceedings.

Having satisfied the first prong of the two-part test for constructive notice, Yippee need only show that Plaintiff unambiguously manifested her assent to the Terms when she signed up for her Yippee subscription to establish a valid arbitration agreement. As set forth below, Yippee easily satisfies that "relatively straightforward" test here, while Plaintiff's claims of ambiguity fall flat. The remaining questions before the Court involve threshold arbitrability issues that the parties agreed to delegate to the arbitrator. Accordingly, the Court should now grant Yippee's motion and compel the remaining issues to the arbitrator to decide in the first instance.

# II. YIPPEE HAS MET ITS BURDEN TO SHOW THAT PLAINTIFF UNAMBIGUOUSLY MANIFESTED HER ASSENT TO THE TERMS

## A. Plaintiff Conceded That She Manifested Assent to the Terms by Failing to Rebut Yippee's Showing or Address It in Her Opposition

Plaintiff's arguments regarding the purported ambiguity of the Yippee sign-up page and her purported lack of manifestation of assent ignore a threshold issue: by failing to address the point in her Opposition, Plaintiff already conceded that she unambiguously manifested her assent and, thus, that Yippee's sign-up page satisfies the second prong of the constructive notice analysis. *See* Dkt. 16, *passim* (opposing Yippee's motion to compel arbitration on numerous grounds, including purported failure to provide reasonably

conspicuous notice, but failing to address manifestation of assent element); *Garcia v. Lennar Corp.*, 2025 WL 1544328, at *4 (C.D. Cal. Apr. 21, 2025) (finding defendant conceded unambiguous manifestation of assent factor by failing to address it in motion papers); *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 (N.D. Cal. 2013) (party conceded argument by failing to address it in opposition).

Plaintiff overlooks, but does not dispute, that she failed to make any argument in this Court regarding her manifestation of assent, thereby conceding and waiving it. Indeed, when Yippee raised this argument on appeal, Plaintiff tacitly acknowledged the waiver below but claimed she could raise the argument for the first time on appeal based on *Chabolla*, as later-decided precedent. *See* Barzelay Decl. Ex. 1, Answering Brief at 39 n.8. But the manifestation of assent element predates *Chabolla*, Yippee fully briefed it, and Plaintiff simply failed to respond. This is not the type of "new law" that could nullify Plaintiff's waiver. For that reason alone, the Court should find that Yippee has satisfied the second prong of the constructive notice test, and that Plaintiff entered into a valid arbitration agreement.

### B. Plaintiff Unambiguously Manifested Her Assent under *Chabolla*, *Godun*, and Other Precedent

Even assuming, *arguendo*, that Plaintiff has not waived the manifestation of assent element, Plaintiff's arguments fare no better on the substance. This part of the analysis is "relatively straightforward." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 515 (9th Cir. 2023). Under Ninth Circuit precedent, a user's "click of a button can be construed as an unambiguous manifestation of assent" if she was "explicitly advised that the act of clicking will constitute assent to the terms and conditions of an agreement." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022).

That is precisely what happened here. Yippee's sign-up page advised Plaintiff that "By clicking below, you agree to our Terms of Service," which led directly into the "Start subscription" button that Plaintiff clicked to complete her purchase. *See* Dkt. 13-1 at 4; Dkt. 13-2. Courts routinely find that similar disclosure language near the relevant action

button unambiguously manifests the user's assent to hyperlinked terms. *See, e.g.*, *Oberstein*, 60 F.4th at 515-16 ("The language 'By continuing past this page and clicking [the button], you agree to our Terms of Use' clearly denotes 'that continued use will act as a manifestation of the user's intent to be bound.'") (alteration in original) (quoting *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171 (9th Cir. 2014)); *Ghazizadeh v. Coursera, Inc.*, 737 F. Supp. 3d 911, 929-30 (N.D. Cal. 2024) (plaintiff unambiguously manifested assent where she clicked "Sign Up" button directly above text of notice advising that "By creating an account, I accept Coursera's Term's of Service"); *Adibzadeh v. Best Buy, Co.*, No. 20-cv-06257, 2021 WL 4440313, at *5 (N.D. Cal. Mar. 2, 2021) (user assented to arbitration provision when clicking "Sign In" button on website where users must agree to the terms before proceeding).

Plaintiff nonetheless contends that advising users that, "By clicking below, you agree to our Terms of Service, Cookies Policy, Privacy Policy, and automatic renewal" was too ambiguous to manifest assent because the language did not specifically reference the "Start subscription" action button the user must click to complete the transaction. But Plaintiff creates ambiguity where none exists. "[M]utual assent is based on 'the reasonable meaning of the parties' words," which "considers 'the context or the surrounding circumstances and the conduct of the parties.'" *Keebaugh v. Warner Bros. Ent'mt*, 100 F.4th 1005, 1021 n.6 (9th Cir. 2024). Here, the context of the webpage and transaction make clear that "clicking below" refers to the "Start subscription" button—the only button presented to Plaintiff and the only action that *can* effectuate consent and complete the subscription purchase.

"[C]ourts have found unambiguous consent despite mismatched language where the disclosure of the notice was located immediately adjacent to the action button," leaving "no reasonable dispute that Plaintiff assented to the terms of service by clicking." *Ghazizadeh*, 737 F. Supp. 3d at 929-30 (user unambiguously manifested assent despite discrepancy between "Sign Up" button—the only button presented—and language advising that "By creating an account" user agreed to the terms). In other words, minor

discrepancies in language do not negate unambiguous consent where, as here, "the physical proximity of the notice to the [action] button and the placement of the language in the [action] flow make clear to the user that the linked terms pertain to the action the user is about to take." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 80 (2d. Cir. 2017) (although "warning text used the term 'creat[e]' instead of 'register,'" user unambiguously manifested assent by clicking "Register" button following disclosure that "by creating an Uber account, the user was agreeing to be bound by the linked terms"); *see also Regan v. Pinger, Inc.*, No. 20-CV-02221, 2021 WL 706465, at *7-8 (N.D. Cal. Feb. 23, 2021) (discrepancy in language did not negate consent where webpage advised, "By registering, I agree to Sideline's Terms and Conditions" next to "Create Account" button).

Nothing in *Chabolla* or *Godun* supports the conclusion that Plaintiff's click of the "Start subscription" button was anything other than a clear manifestation of her assent to the Terms. Notably, to start, the webpages at issue in *Chabolla* and *Godun*—unlike Yippee's—failed to clear even the first hurdle of providing reasonably conspicuous notice. *See Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1155-58 (9th Cir. 2025); *Godun v. JustAnswer LLC*, 135 F.4th 699, 711-12 (9th Cir. 2025). The courts' analysis of the manifestation of assent element cannot be viewed in isolation from their threshold determination that the webpage designs were insufficient.

In any event, *Chabolla* and *Godun* are distinguishable on the second prong. In *Godun*, the webpage "failed to explicitly advise users of what action would constitute assent to any terms they were provided with" because it "simply said 'I agree' without explaining more." *Godun*, 135 F.4th at 712-13. Thus, because "[t]he advisal lacked an explanatory phrase indicating that 'By clicking connect now' or 'By connecting,' or 'By chatting,' etc., she agreed to the terms," it was faulty like the advisals in *Chabolla* and *Berman* and failed to constitute unambiguous manifestation of assent. *Id.*

Similarly, in *Chabolla*, the disclosure on one screen (Screen 2) that "[b]y signing up you agree to our Terms of Use and Privacy Policy" was insufficient because there was no "sign up" button, only a "Continue" button, and none of the screens presented to the user

"advised that a particular action has 'signed her up.'" 129 F.4th at 1158. The court found that these discrepancies, in the context of the defendant's multi-screen user flow and poor visual notice, created "too much ambiguity" to bind the plaintiff in that case. *Id.*; *see also Lee v. Plex, Inc.*, 773 F. Supp. 3d 755, 766-67 (N.D. Cal. 2025) (defendant failed to provide reasonably conspicuous notice and failed to show unambiguous manifestation of assent where notice language described actions that did not match the "Continue with Facebook" button the plaintiff clicked, used competing action buttons, and "fail[ed] to indicate what action constitutes assent").

Here, by contrast, like in *Ghazizadeh*, *Meyer*, and *Regan*, it is clear from context that Plaintiff manifested her assent when she clicked the "Start subscription" button—the only button presented to her—after being advised that "By clicking below, you agree to our Terms of Service[.]" There is no ambiguity, and thus no dispute that Plaintiff entered into a valid arbitration agreement.

## III. <u>The Court Should Compel This Matter to Arbitration Pursuant to the Delegation Clause</u>

Because Yippee has satisfied both prongs of the constructive notice test, the Court should find that Plaintiff entered into a valid arbitration agreement and should compel this matter to arbitration pursuant to the arbitration agreement's delegation clause. *See* Dkt. 13 at 9-10; Dkt. 17 at 5-7. The remaining issues, including whether Yippee can enforce the Terms (it can) and whether Plaintiff's VPPA claim is arbitrable (it is), are threshold arbitrability questions reserved for the arbitrator in the first instance.[1]

DATED: October 17, 2025

**FOLEY & LARDNER LLP**

/s/ *Jeanette Barzelay*
Jeanette Barzelay
Attorneys for Defendant YIPPEE ENTERTAINMENT, INC.

---

[1] Plaintiff's Supplemental Briefing includes submission of additional supplemental authority regarding equitable estoppel, *In re Ford Motor Warranty Cases*, 17 Cal. 5th 1122 (2025). That case generally restates and does not materially change the law or arguments regarding equitable estoppel. Yippee refers the Court to its original briefing on that issue.